IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEVON A. SMITH                  :        CIVIL ACTION
                                :
         v.                     :
                                :
SGT. RILEY, ET AL.              :        NO. 10-2397

O R D E R

AND NOW, this ‿5 day of May, 2010, having considered plaintiff's 42 U.S.C. § 1983 civil rights complaint and motion to proceed in forma pauperis, it is hereby ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis is hereby GRANTED.

2.  Plaintiff shall pay the filing fee of $350 pursuant to 28 U.S.C. § 1915(b).  Based on plaintiff's financial statement, an initial partial filing fee of $4 is assessed.  The Warden or other appropriate official at Montgomery County Correctional Facility (M.C.C.F.), where plaintiff is presently confined under ID No. 10-2491, or at any other correctional facility at which plaintiff may be confined, is directed to deduct $4 from plaintiff's prisoner account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 2609 U.S. Courthouse, Philadelphia, PA 19106, to be credited to Civil Action No. 10-2397.  After the initial partial filing fee is collected and until the full filing fee is paid, the Warden or other appropriate official at M.C.C.F., or at any

1

prison at which plaintiff may be confined, shall deduct from plaintiff's account, each time that plaintiff's prisoner account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount to the Clerk of Court at the address provided above to be credited to Civil Action No. 10-2397.

3.   The complaint is to be filed, the summonses are to issue, service of the summonses and complaint is to be made upon the defendants by the U.S. Marshals Service in the event that waiver of service is not effected under Fed.R.Civ.P. 4(d)(2).   To effect waiver of service the Clerk of Court is specially appointed to serve written waiver requests on the defendants. The Clerk of Court also shall send a copy of the complaint to the attorney representing M.C.C.F.   The waiver of service requests shall be accompanied by copies of the complaint and shall inform the defendants of the consequences of compliance and of failure to comply with the requests.   The requests shall allow the defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver.   If a signed waiver is not returned within the time limit given, the Clerk of Court's office shall transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed.R.Civ.P. 4(c)(1), and a copy of this order is to be directed to all parties.

4.  All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of this Court.  Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting pro se).  Service may be by mail.  Proof that service has been made is provided by a certificate of service. This certificate should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I,    (name)    , do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. Mail, properly addressed, this (date) day of   (month)   , (year).
>
> _____
> (Signature)"

If any pleading or other paper submitted for filing does not include a certificate of service upon the opposing party or counsel for opposing party, it may be disregarded by the Court.

5.  Any request for court action shall be set forth in a motion, properly filed and served.  The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and local rules are to be followed.  Plaintiff is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal of this action.

3

6.    Plaintiff is **not** required to comply with Section 4:01 of the Civil Justice Expense and Delay Reduction Plan for the United States District Court for the Eastern District of Pennsylvania (the "Plan"), unless directed by further Order of the Court.

7.    Plaintiff is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Plaintiff shall attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence.

8.    No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

9.    In the event the summons is returned unexecuted, it is plaintiff's responsibility to ask the Clerk of the Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made.

10.   The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

4

11.   The Clerk of Court is directed to send a copy of this order to the Warden of M.C.C.F.

BY THE COURT:

_THOMAS N. O'NEILL, JR., SR. J._