# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON A. SMITH,    Plaintiff, v. SGT. RILEY, et al.,    Defendants. | Civil Action No. 10-2397 |

## O R D E R

AND NOW, this _____ day of _____, 2010, upon consideration of the Motion of the Defendants Sgt. Riley, Officer Banks and Officer McCann to Dismiss Plaintiff's Complaint, or, in the alternative, for Summary Judgment, and any response by Plaintiff thereto, it is hereby ORDERED and DECREED that said motion is GRANTED. Summary judgment is entered in favor of Defendants Sgt. Riley, Officer Banks and Officer McCann and against Plaintiff. The Clerk shall mark this case as CLOSED.

BY THE COURT:

_____
                              J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                            :
**DEVON A. SMITH,**                          :
        **Plaintiff,**                      :
    v.                                        :   **Civil Action No. 10-2397**
                                            :
**SGT. RILEY, et al.,**                     :
        **Defendants.**                     :
_____:


**MOTION OF DEFENDANTS SGT. RILEY, OFFICER BANKS**
**AND OFFICER McCANN TO DISMISS PLAINTIFF'S COMPLAINT**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN LIGHT OF**
<u>**PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**</u>

    Defendants Sgt. Riley, Officer Banks and Officer McCann (collectively, "Defendants") hereby move for the dismissal of the complaint of Plaintiff Devon A. Smith ("Plaintiff"). In the alternative, Defendants seek summary judgment in their favor and against Plaintiff because of Plaintiff's failure to exhaust all available administrative remedies as required by the Prison Litigation Reform Act. The authorities and arguments supporting this motion are set forth in the accompanying memorandum of law and its exhibits, which Defendants incorporates herein by reference.

                                      Respectfully submitted,
                                      MONTGOMERY COUNTY SOLICITOR'S OFFICE

                                      <u>*/s/ Philip W. Newcomer*</u>
                                      Philip W. Newcomer, Esquire
                                      One Montgomery Plaza, Suite 800
                                      P.O. Box 311
                                      Norristown, PA  19404-0311
                                      610-275-3033

                                      Counsel for Defendants,
                                      Sgt. Riley, Officer Banks and
                                      Officer McCann

Dated:  July 26, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEVON A. SMITH,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. 10-2397 |
| : | |
| **SGT. RILEY, et al.,** : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF DEFENDANTS SGT. RILEY, OFFICER BANKS
AND OFFICER McCANN TO DISMISS PLAINTIFF'S COMPLAINT
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT IN LIGHT OF
PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

**I.   INTRODUCTION**

Plaintiff Devon A. Smith ("Plaintiff"), a sentenced inmate, brings this § 1983 action against three members of the correctional staff at the Montgomery County Correctional Facility ("MCCF") -- Sgt. Riley, Officer Banks and Officer McCann.[1] -- for the alleged use of excessive force in violation of Plaintiff's Eighth Amendment rights. Plaintiff's complaint never identifies whether these three named defendants are sued in an individual capacity, an official capacity, or both, but the complaint lacks the allegations necessary to state claims against these three defendants in an official capacity. More importantly, Plaintiff admits in his complaint that he invoked but did not exhaust MCCF's grievance procedure with respect to the incident in question. Exhaustion of the grievance procedure is a necessary prerequisite for this action, and while Plaintiff alleges that he was thwarted in his efforts to file a grievance appeal, Defendants

---

[1] The complaint also purports to name two unknown persons -- "Officer Jane Doe-1" and "Officer John Doe-1" -- as defendants.

Riley, Banks and McCann submit evidence with this motion to establish that an appeal was readily available to Plaintiff but was never pursued. Defendants Riley, Banks and McCann should be granted summary judgment in their favor. In the alternative, all official capacity claims against them should be dismissed.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Complaint

This case presents a claim under 42 U.S.C. § 1983 for the use of allegedly excessive force in violation of Plaintiff's Eighth Amendment rights. Plaintiff's *pro se* complaint arises from an incident that occurred on March 11, 2010 while Plaintiff was housed in the mental health ward of MCCF's medical unit. Complaint (Exhibit A) at pg. 2. While not stated in the complaint, Plaintiff was being housed in the mental health ward for observation and evaluation following an incident two days earlier in which Plaintiff had smeared his own feces on the walls and door of his cell, had thrown feces from his cell into the day room of his housing pod, and had informed a correctional officer that he "heard voices" telling him to throw the feces.

Plaintiff avers that on March 11, 2010, Sgt. Riley "came running on the [housing] pod," ordered Plaintiff's cell door open, rushed into Plaintiff's cell with "3 other officers" and attacked Plaintiff – allegedly punching and kicking him. Exhibit A at pg. 3. Plaintiff contends that Officer Banks kicked him and punched him, and that Officer McCann held Plaintiff down and also kicked him. *Id*. Strikingly absent from the complaint is any description whatsoever of what caused Sgt. Riley, Officer Banks and Officer McCann to enter Plaintiff's cell and of what actions Plaintiff took during the incident in question. While not at issue in this motion, the truth is that Plaintiff:

- was brandishing a cup filled with his own urine and feces which he was using to threaten staff,

- that Plaintiff resisted orders to place his hands behind his back so that he could be handcuffed, and

- that Plaintiff then physically resisted efforts to handcuff him.

The reality here is that the only force applied throughout the incident was that which was necessary to restrain Plaintiff and end the threat of harm he posed to correctional and medical staff.

Plaintiff seeks "compensatory damages in the amount of $100,000 and punitive damages in the amount of $80,000 and nominal damages in the amount of $65,000." *Id.* at pg. 5. Plaintiff's complaint names Sgt. Riley, Officer Banks and Officer McCann as defendants. The complaint does not specify whether these correctional officials from MCCF are sued in an individual capacity, an official capacity, or both.

      **B.**     **Plaintiff's Failure To Exhaust MCCF's Grievance Procedure**

MCCF, like many other prisons, maintains an inmate grievance procedure for the resolution of inmates' problems or issues of concern, including "actions taken by employees occurring within the facility." MCCF Inmate Grievance Procedure (Exhibit B) at pg. 1. Upon incarceration at MCCF, each inmate is given a copy of the inmate grievance procedure for the facility. Affidavit of Deputy Warden Dennis J. Molyneaux (Exhibit C) at ¶ 2. The grievance procedure also is posted on bulletin boards in each housing section of MCCF. *Id.* Like all other inmates, Plaintiff received a copy of the inmate grievance procedure upon each of his incarcerations at MCCF. *Id.* at ¶ 3.

At the first level of this procedure, the inmate uses a request slip to raise his or her grievance, which staff then attempt to resolve on an informal basis. Exhibit B at pg. 3. The inmate may also raise his or her grievance to staff verbally at the first level. *Id.* If dissatisfied with the answer given, the inmate may then direct a formal, second level grievance to various listed members of the Warden's staff. *Id*. at pgs. 3-4. If the inmate does not agree with the response he or she receives from the second level grievance, then the inmate may file an appeal (third level) to a designated facility administrator, whose decision is final. *Id*. at pg. 5. Importantly, "[a] grievant must appeal the Level 2 response within five (5) calendar days of receipt of that response[.]" *Id*. MCCF tracks the progress of Level 2 grievances and appeals electronically. Exhibit C at ¶ 6.

Plaintiff admits in his complaint that he availed himself of MCCF's inmate grievance procedure to address the incident now raised in his complaint. Exhibit A at pg. 4. Plaintiff alleges that he submitted a Level 2 grievance to prison officials concerning the March 11, 2010 incident asserting claims for "assault and to (sic) much use of force by officers."[2] *Id.* Plaintiff further alleges that the grievance was denied, being determined to be "unfounded by Lt. Brandon Bates on March 27, 2010[.]"[3] *Id.* Plaintiff's complaint makes clear, however, that Plaintiff never took the final step of filing an appeal from the March 27, 2010 response he received to his Level 2 grievance. *See also* Exhibit F (MCCF grievance tracking data, reflecting no filing of an appeal from the March 27, 2010 grievance determination).

---

[2] A true and correct copy of Plaintiff's completed March 23, 2010 grievance form is attached as Exhibit D.

[3] A true and correct copy of the March 27, 2010 response to Plaintiff's grievance is attached as Exhibit E.

4

Plaintiff will no doubt contend that the appeal procedure was not available to him, as he alleges the following in his complaint with regard to his efforts to file an appeal:

> I asked for the proper appeal form but was denied by my social worker, Mike Decoster.  Also I wrote the Warden and Deputy Warden and they never responded to any of my request slips.
>
> *     *     *
>
> I wrote so many request slips to my social worker but he never responded.  Also I wrote the Warden and Deputy Warden.  Also the only way we get grievance or appeal forms is from the social worker and he refuses to give out grievances.  He says we need to see him, then you are not allowed an appeal form unless the Deputy Warden approves it which is wrong.  I was told [this] by my social worker.

Exhibit A at pgs. 4 & 5.

Plaintiff's mere *allegations*, however, are contravened by the *facts* set forth in the exhibits to this motion.  Grievance appeal forms are available through the inmate's social worker if the inmate has received an adverse determination on a Level 2 grievance.  Affidavit of Deputy Warden Dennis J. Molyneaux (Exhibit C) at ¶ 10.  Plaintiff's social worker, Michael Decoster, never received any request from Plaintiff for an appeal form to appeal the March 27, 2010 response to his Level 2 grievance.  Affidavit of Michael Decoster (Exhibit G) at ¶ 4.  Likewise, MCCF's Warden and Deputy Warden never received any requests from Plaintiff for an appeal form.  Exhibit C at ¶ 12; Affidavit of Warden Julio M. Algarin (Exhibit H) at ¶ 2.  Plaintiff's inmate records contain no request slips or written requests of any kind seeking an appeal form.  Exhibit C at ¶ 11.  Simply put, Plaintiff did not request, complete and submit the form to appeal the March 27, 2010 determination of his Level 2 grievance, and he was never prevented from doing so.

Plaintiff cannot avoid summary judgment simply by standing on the complaint's allegations that he was somehow thwarted in his efforts to obtain an appeal form.  Unless Plaintiff responds to this motion by submitting admissible evidence that creates a genuine issue

of material fact as to the availability of the appeal form, this action should not be permitted to move forward. Instead, Defendants Riley, Banks and McCann should be granted summary judgment in their favor and against Plaintiff.

### III.    STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court has recognized that the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party has filed a properly supported motion, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Importantly, the nonmoving party may not rest upon the mere allegations or denials of the party's pleading. *See Celotex*, 477 U.S. at 324.

An issue is considered "material" for purposes of Rule 56 analysis only if the dispute over facts "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the record, when taken as a whole in a light most favorable to the nonmoving party, "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (citation omitted). If the evidence for the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50 (citations omitted).

The standard of review for a Rule 12(b)(6) motion to dismiss, on the other hand, is explained in the case of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007). *Twombly* teaches that dismissal of a complaint is appropriate if, accepting as true all of the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. Under *Twombly*, a plaintiff must have "nudged [his] claim across the line from conceivable to plausible, or [his] complaint must be dismissed." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56.

Applying these standards, Defendants Riley, Banks and McCann should be granted summary judgment under Rule 56 because of Plaintiff's failure to exhaust his available administrative remedies under the PLRA. In the alternative, all official capacity claims against Defendants Riley, Banks and McCann should be dismissed under Rule 12(b)(6) because the complaint lacks any allegations which satisfy the requirements of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978).

## IV.     ARGUMENT

### A.     Plaintiff Failed To Exhaust His Administrative Remedies At MCCF As The PLRA Requires Before Filing Of This Action

The Prison Litigation Reform Act of 1995 ("PLRA") provides at 42 U.S.C. § 1997e(a) that:

> [n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any such jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has read this provision of the PLRA broadly to require an inmate to exhaust available administrative remedies fully before bringing a claim against prison officials. In *Booth v. Churner*, 532 U.S. 731, 736 (2001), a unanimous Supreme Court held that the PLRA's exhaustion requirement applies whenever a prison's "administrative process has authority to take some action in response to a complaint, [even if it is] not the remedial action an inmate demands" in his civil suit.  "[P]roper exhaustion" under § 1997e(a) of the PLRA "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings[.]"  *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2386 (2006).

Here, the evidence presented with this motion is unequivocal:  Plaintiff filed a grievance on March 23, 2010 concerning the incident in question.  Exhibit D.  On March 27, 2010, Plaintiff received a response.  Exhibit E.  Plaintiff, however, never filed an appeal from the March 27, 2010 decision.  *See* Exhibits C & F.  While Plaintiff's complaint *alleges* that he was thwarted in efforts to obtain an appeal form, the *facts* submitted with this motion are to the contrary.  Appeal

forms were readily available to Plaintiff through his social worker, but Plaintiff never requested, completed and submitted one.  *See* Exhibits C, F, G & H.

Under Rule 56, "[t]he adverse party must raise 'more than a mere scintilla of evidence in its favor' in order to overcome a summary judgment motion and cannot survive by relying upon unsupported assertions, conclusory allegations, or mere suspicions." *Wilson v. Vilsack*, No. 09-00787, 2010 WL 2788357, *3 (E.D. Pa. July 14, 2010) (O'Neill, J., quoting *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989)).  Unless Plaintiff opposes this motion by submitting admissible evidence creating a genuine issue of material fact as to availability of an appeal form, Defendants Riley, Banks and McCann should be granted summary judgment in their favor.

      **B.**     **Plaintiff's Complaint Fails To State Any Official Capacity Claims Against Defendants Riley, Banks & McCann**

When a *pro se* plaintiff fails to state in his or her complaint whether a public employee is sued in an individual capacity, in an official capacity, or both, it is proper to construe the pleading liberally as an attempt to sue the official in both capacities.  *See*, *e.g.*, *Baker v. City of Chicago Police Dept.*, No. 99-C-1821, 2000 WL 556619, *2 (N.D. Ill. May 1, 2000).  Here, Plaintiff sues Sgt. Riley, Officer Banks and Officer McCann without indicating the capacity or capacities in which he sues them – leading to the conclusion that Plaintiff seeks to assert both individual capacity claims and official capacity claims against these defendants.  The complaint, however, lacks allegations necessary for stating an official capacity claim.  All official capacity claims against Defendants Riley, Banks and McCann thus must be dismissed.

In *Kentucky v. Graham*, 473 U.S. 159 (1985), the Supreme Court eliminated any lingering confusion about the distinction between individual and official capacity claims, stating that official capacity claims "generally represent only another way of pleading an action against

an entity of which an officer is an agent." *Id*. at 165.  Claims against government officials in their official capacity therefore are treated as claims against the governmental entity.  *Id*. at 166. Any official capacity claims against Defendants Riley, Banks and McCann thus are nothing more than a claim against their governmental employer, the County of Montgomery ("County").

Plaintiff may maintain an action under § 1983 against a local agency such as the County only where the agency's own "policy or custom" causes a deprivation of the Plaintiff's constitutional rights.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978) (local government has no vicarious or *respondeat superior* liability under § 1983; liability can *only* arise from the government's own policy or custom).  A municipal policy is a "statement, ordinance, regulation or decision officially adopted and promulgated by [a local governing] body's officers."  *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1059 (3d Cir.1991) (citing *Monell*, 436 U.S. at 690).  A municipal custom, which lacks the formal approval of a policy, requires a showing of practices that are "so permanent and well settled to constitute a custom or usage with the force of law."  Id. (citing *Monell*, 436 U.S. at 691).  The municipality's policy or custom must be the "moving force" behind the constitutional deprivation if the municipality is to be held liable.  *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 125 (3d Cir. 2003).

Plaintiff's complaint lacks any allegation whatsoever that identifies any policy or custom of the County as the moving force behind the March 11, 2010 incident at issue in this action.  As the complaint fails to satisfy the requirements of *Monell*, all official capacity claims against Defendants Riley, Banks and McCann must be dismissed for failure to state a claim upon which relief may be granted.

## V.     **CONCLUSION**

Defendants Riley, Banks, and McCann should be granted summary judgment in their favor and against Plaintiff as a result of Plaintiff's failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act.  In the alternative, all official capacity claims against Defendants Riley, Banks and McCann must be dismissed for failure to state a claim upon which relief may be granted.

                              Respectfully submitted,
                              MONTGOMERY COUNTY SOLICITOR'S OFFICE

                              */s/ Philip W. Newcomer*
                              Philip W. Newcomer, Esquire
                              One Montgomery Plaza, Suite 800
                              P.O. Box 311
                              Norristown, PA  19404-0311
                              610-275-3033

                              Counsel for Defendants,
                              Sgt. Riley, Officer Banks and
                              Officer McCann

Dated:  July 26, 2010

## CERTIFICATE OF SERVICE

I, Philip W. Newcomer, hereby certify that a true and correct copy of the Motion of the Defendants Sgt. Riley, Officer Banks and Officer McCann to Dismiss Plaintiff's Complaint, or, in the Alternative, for Summary Judgment was served on the 26th day of July, 2010, via U.S. first class mail, postage prepaid, upon the following person:

> Devon A. Smith (GL-2214)
> SCI – Smithfield
> P.O. Box 999
> 1120 Pike Street
> Huntingdon, PA  16652

> */s/ Philip W. Newcomer*
> Philip W. Newcomer, Esquire