***EXHIBIT A***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

DEVON A. SMITH I.D.# 10-2491

*(In the space above enter the full name(s) of the plaintiff(s).)*

10 2397

RECEIVED
MAY 20 2010

- against -

Sgt. Riley
officer, Banks (Cert team officer)
officer, McCann (Badge# 119)
officer, Jane, Doe-1
officer, John, Doe-1

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes ☐ No
(check one)

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff
Name DEVON. A. Smith
ID # 10-2491
Current Institution Montgomery County Prison
Address 60 EAGLEVILLE Road
EAGLEVILLE, pennsylvania 19403-1400

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name Sgt, Riley Shield # N/A
Where Currently Employed Montgomery County Prison
Address 60 Eagleville Road
Eagleville, Pennsylvania 19403-1400

Defendant No. 2
Name officer, Banks Shield # N/A
Where Currently Employed Montgomery County Prison
Address 60 Eagleville Road
Eagleville, Pennsylvania 19403-1400

Defendant No. 3
Name officer, McCann Shield # 114
Where Currently Employed Montgomery County Prison
Address 60 Eagleville Road
Eagleville, Pennsylvania 19403-1400

Defendant No. 4
Name officer, Jane, Doe #1 Shield # N/A
Where Currently Employed Montgomery County Prison
Address 60 Eagleville Road
Eagleville, Pennsylvania 19403-1400

Defendant No. 5
Name officer, John, Doe #1 Shield # N/A
Where Currently Employed Montgomery County Prison
Address 60 Eagleville Road
Eagleville, Pennsylvania 19403-1400

**II. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? Montgomery County Correctional Facility

B. Where in the institution did the events giving rise to your claim(s) occur? M-2 The Mental Health ward in medical. At MCCF

C. What date and approximate time did the events giving rise to your claim(s) occur? on 3-11-10 At About or Between 8:30 And 11:00

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

D. Facts: Sgt. Riley Came Running on the pod And orderd me to Move Away From my cell door with pepar spray in his Right hand At which time I Did so he then gave A female officer An order to open My cell door At which time he And 3 other officers Rushed in My Cell And sgt. Riley punched me in my face with A Closed fist Strike me on the left side of my eye Also he kicked me when I was Being held Down By 3 of his officers.

officer Banks he kicked me in my face And he Punched me in my chest taken My Breath From me At which point he pulled A pair of handcuffs out And hit Me in My face on the left side At which time My left eye Began to Bleed And I saw him give the Handcuffs to officer McCann to put in his pocket And he held Me Down AS I was Being Beat up.

officer McCann held me Down Also kicked me AS I lay Bleeding on the floor of My Cell At which time I Began to Black out And when I woke up I was in 5 point Restraints with officer Banks Standing on the Right side of the Bed looking Down At me smileing.

**III. Injuries:**

**If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.** My left eye was Closed By the force of me getting hit I had A large gash over my left eye it was swollen very Bad And my Right eye was swollen to. Both eyes were Blood Shot I had Blood in Both of My eyes Plus I saw the eye Doctor who told me I need to see An outside Doctor About my eye But the Jail would not Allow me to go out. Also My eyes are Both Still messed up to Date And I have sharp pain in my left eye every Day.

**IV. Exhaustion of Administrative Remedies:**

**The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that " [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.**

(1)

CONT
Statement of Claim

Officer Jane Doe - 1

Was the control Booth officer Who called A code on me now she lied to Sgt, Riley And As I was Beat up she sat in the control Booth watched me get kicked punched And witnessed how I Did not Resist At All And she even Fasletified her report As to what really took Place once I was strapped Down she was watching me Bleeding From my left eye As I called her for medical help she just looked At me And laughed At me And never once called medical As I lay strapped Down Bleeding.

Officer John Doe - 1

This officer Also Played A part in Beating me up now I don't know his name But he did A report the Day of my Assult he hit And kicked me he told me no one fucks with my coworkers And thinks they will get Away with it Also one of my eye witnesses who was 526 who saw me getting Beat up told them to stop And John Doe 1 told my eyewitness to get off his cell Door And mind his own Busness or he would get the same treatment At which time my eyewitnesses started yelling And screaming At the officers And thats when they slowed up on Beating me up And medical came on the pod to Assess me But was told I could not Be taken to medical so I loss A lot of Blood.

2

end of statement of Claim.

My two eye witness are As follows

1. Christopher Clearwater
IDH 10-0567 he was in cell 526

2. Allen, oliphant
IDH 10-0782 he was in cell 520

Both of my eye witeness saw And heard what happed And what was said to me And they were told if you don't mind your own you'll get the same treatment.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
Montgomery County Correctional Facility (MCCF) Mental Health ward M-2 Medical

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ✓ No ____ Do Not Know ____

If YES, which claim(s)? Assult - Use of force

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
Montgomery County Correctional Facility

1. Which claim(s) in this complaint did you grieve? Assult And to much Use of force By officers.

2. What was the result, if any? It was unfounded By Lt, Brandon, Bates on 3-27-10 who Did not even interview me or my 2 eye witness.

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. I asked for the proper Appeal form But was Denied By my social worker Mike Decostee Also I wrote the warden And Deputy warden And they never Responded to Any of my Request slips. All my Request are on file here in the Jail. I allso spoke to A Major who came Around with one of the inspectors Also 3 Lt in the medical unit And they did nothing to help me get my Appeal form.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: N/A

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any: N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I wrote so Many Requvest slips to My social worker but he never Responded Also I wrote the warden And deputy warden Also the only way we can get grievance or Appeal forms is from the social worker And he Refuses to give out grievances he says we need to see him then you are not Allowd An Appeal form unless the deputy warden Approves it which is wrong I was told By My social worker.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount): I am ascing for compensatory Damages in the Amount of $100,000 And punitive Damages in the Amount of $80,000 And Nominal Damages in the Amount of $65,000 And Any And All Damages Deemed in My favor By the court. Due to the fact My face is not the same And My eyes are still Brused And I have permanet pain Above My left eye And Brusing under Both My left And Right eyes And I get Real Bad Pain From My head And dizziness when I get up every Day.

Also My Doctor says My vison in My left eye has gotten 2 times worse And that I may need eye surgine to fix my problem But I could lose My left eye But I have been on 5 Diffrent pain meds And nothing is helping me with my Pain At All.

The Reason I ask for this Relief is so my Medical expenses are fully coverd And I can get the Right meds to Deal with my pain And pay All My sick call Fees I owe in Regards to My injuryies I Recived From My use of Force And the Assult that happened to me By the officers here At MCCF/ Montgomery County Prison. It was excessive use of force By the officers which violates my Rights under the 8th Amendment of the U S Constitution And cruel And unsual punishment

**VI. Previous lawsuits:**

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ✓ No ____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff Devon Smith V.

Defendants C/O 1 Gensamer, Et Al

2. Court (if federal court, name the district; if state court, name the county) Middle

3. Docket or Index number Civil Action No. 1:07-1802

4. Name of Judge assigned to your case Judge Kane

5. Approximate date of filing lawsuit 07, September or 08 I forgot

6. Is the case still pending? Yes ____ No X

If NO, give the approximate date of disposition Don't know

Rev. 10/2009

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) Dismissed for Faulie to State Claim And For Faulie to State Relief Granted And I could not find no one to help me Do this so thats why.

On other claims

C. Have you filed other lawsuits in state or federal court?

Yes ✓ No ____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff DEVON Smith V.

Defendants Swantel, et, al

2. Court (if federal court, name the district; if state court, name the county) Middle

3. Docket or Index number NO.07-1803

4. Name of Judge assigned to your case Judge, Kane

5. Approximate date of filing lawsuit 07-or 08 september

6. Is the case still pending? Yes ____ No X

If NO, give the approximate date of disposition Don't know

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) Dismissed for Faulie to State Relief Granted And Faulie to State Claim Also I did not have Anyone to help me that why.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 6th day of MAY, 2010.

Signature of Plaintiff [signature]

Inmate Number 10-2491

Institution Address Montgomery County Prison
60 Eagleville Road
Eagleville, Pa 19403-1400
N-2 Mental Health ward

Rev. 10/2009

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 6th day of May, 2010, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: Devon A Smith

# ***EXHIBIT B***

# INMATE GRIEVANCE PROCEDURE

1. **Policy:**

It is the policy of the correctional facility that every inmate may make reasonable use of the grievance procedure without fear of reprisal. The facility has established a grievance procedure for the resolution of problems or other issues of concern for inmates. All grievances shall be considered in a fair manner. For every properly submitted grievance there shall be a review and appeal process.

2. **Access to Grievance Procedure:**

Locked grievance boxes shall be made available for use by all inmates. The boxes shall be clearly marked Grievances. Inmates shall have access to grievance forms through their assigned Inmate Service Caseworker/ Counselor and/ or Housing Supervisor without question or discussion. The boxes shall be emptied daily on first shift and forms distributed to the designated grievance officer during normal business hours.

3. **Grievance Procedure Applicability:**

The grievance procedure will address the following issues:

Complaints by inmates regarding policies and conditions within the facility.

Actions by employees and inmates, occurring within the facility.

Access to inmate services not limited to medical, inmate services and work/task programs.

Inmate grievances involving medical issues will be handled through the medical contract provider. The appeal process will be referred to a correctional administrator.

**4. Inmate Request Slip**

Inmates will use the request slip to communicate with staff, request medical and or mental health services, inmate programs, and library, religious and recreational services. An inmate request slip can also be used to informally resolve an issue. Refer to attachment #1.

**5. Frivolous Grievance**

A grievance is frivolous when the allegations have been answered in the past and or have no basis or merit, especially one brought for an unreasonable purpose such as harassment.

**6. Does Not Apply To Grievance Procedures:**

The grievance procedure will not apply to the following in any way as a substitute for the inmate disciplinary procedure and the classification process. The grievance system shall not challenge the decision of these procedures. Only, if the procedure was conducted improperly, then the grievance may challenge the manner in which the decision was made. Grievances of this type shall be made only after the decision process is completed.

Visitors' behavior that results in restriction and or termination of visitor visitation is not grievable by an inmate.

Diagnosis by medical professionals, medical co-payments when charged in accordance with correctional facility policy.

Addressing questions regarding the inmate sentence of the court. Also the eligibility of work release program. The court determines both. Such problems should be addressed to their Inmate Service Caseworker/Counselor.

Issues involving agencies outside of the Correctional facility such as the Courts, Public Defenders office, Adult Probation Department etc

**7. Time Limit:**

Formal Grievances (Second Level) must be filed within seven (7) calendar days of the triggering event. Any grievance filed later than this deadline shall be returned to the inmate without review.

**Abuse of Grievance Procedure:**

(1) Inmates may not submit a grievance for another inmate. If an inmate needs assistance they may seek assistance from their Inmate Service Caseworker/Counselor or other staff.

(2) Inmates shall not be permitted to submit more than one (1) grievance arising out of the same incident.

(3) Inmates shall not be permitted to have more than one (1) grievance pending at one time.

(4) If an inmate submits more than one (1) grievance arising out of the same incident it shall be documented and returned to the inmate.

(5) Profanity, insults, and racial slurs, unless an alleged direct quote of another party, shall not be permitted in grievances. Threats may result in disciplinary action.

(6) An inmate who files more than four (4) frivolous or fabricated grievances within a 30 day period will be restricted to filing no more than one (1) grievance every 15 days. An inmate may be placed on grievance restriction for a period up to 90 days by the institutional disciplinary hearing board for filing frivolous or fabricated grievances. Further institutional discipline may result if an inmate disobeys the grievance restriction.

**I. Withdrawal of grievance**

(1) An inmate may make a written statement of withdrawal of a grievance at anytime.

**j. Grievance:**

(1) First Level: All employees shall encourage and refer inmates to the proper department to address their problem and or concern through the inmate request system. The inmate may also verbally express their concern to staff in a calm and rational manner. If then they are unable to bring resolution to their problem, they may use the grievance system. The assigned Inmate Service Caseworker/Counselor may assist those inmates who are unable to complete the form themselves.

(2) Second Level: Initiating a Formal Grievance: If the inmate does not believe their issue has been resolved informally through use of the inmate request form system with related staff, they may submit a formal grievance with the grievance officer using the inmate grievance form. (Refer to attachment #2). The inmate will address the grievance to the following grievance officer's depending on content of grievance:

| Grievance Officer | Issue |
|---|---|
| Director of Inmate Services | Inmate Services and Mail related Issues |
| Assistant Director of Inmate Services | Inmate Services/Program Treatment |
| Assistant Director of Inmate Services | Inmate Services/Educational |
| Recreational Director | Weight Room, Movies and Gymnasium Issues |
| Librarian | Library and Notary Issues |
| Chaplain | Religious Programming Issues |
| Shift Commander, Captains & Lieutenants | Shift related Security Issues, account balances and commissary |
| Major | Institutional related security Issues |
| Laundry Supervisor | Inmate Laundry and Personal Property Issues |
| Chef | Food Service related Issues |
| Medical Program Administrator | All Medical Services related Issues |
| General Services | Maintenance related Issues |

On the Grievance Form the inmate must outline the following:

1. Complete the form and state the grievance identifying the single complaint.

2. The inmate is to explain the grievance and how the occurrence affected him.

3. The action the inmate wants the grievance officer to take to solve the problem.

4. Supporting documentation may accompany the grievance and are not limited.

5. The inmate shall be given a receipt from the receiving grievance officer within a reasonable amount of time of the grievance received. The grievance officer shall document the grievance in the automated computer tracking system. (Refer to attachment #3).

6. Grievance forms that are improperly completed or contain insufficient information shall be returned to the inmate. The grievance officer also may reject any grievance report form if the required inmate request slip has not been previously submitted or does not support the alleged grievance. The grievance report form shall then be sent back to the inmate with the written reason for the rejection.

7. The grievance officer shall interview the inmate and give a response in writing within a reasonable amount of time.

8. If more than one (1) inmate files a grievance regarding the same incident, the grievances will be treated separately. Any grievance submitted by a group of inmates will not be accepted and or processed.

9. If the Grievance Officer's response is not satisfactory, the inmate may appeal to the third level.

10. The inmate shall be provided copies of all his grievance information including the grievance officer's response using the **grievance response form.** (Refer to attachment #4).

11. All originals shall be forwarded to the facility coordinator's office.

(3) Third Level: A grievant must appeal the Level 2 response within five (5) calendar days of receipt of that response by submitting a grievance appeal form to the Administrator handling that area of responsibility as outlined in section D of this document. The Level III response will be final and is not subject to appeal.

1. If an inmate does not agree with the Level 2 response he may appeal the decision by filling out the inmate grievance appeal form. (Refer to attachment #5).

2. The inmate must state the reason (s) for the appeal and what remedies he is seeking.

3. The appeal form and any pertinent information will be forwarded to the designated administrator.

4. The designated facility administrator will endeavor to answer the appeal in a reasonable time frame under the circumstances.

5. Once an administrator has resolved a grievance appeal there will be no further appeals.

MONTGOMERY COUNTY CORRCTIONAL FACILITY
60 EAGLEVILLE ROAD
NORRISTOWN, PENNSYLVANIA 19403

INMATE GRIEVANCE FORM

INMATE NAME ______ ID NUMBER ______ CELL NUMBER ______

INSTRUCTIONS:

On the grievance form the inmate must outline the following:

1. Complete the form and state the grievance identifying the single complaint.

2. Grievance must be filed within seven (7) calendar days of the triggering event. Any grievance filed later than this deadline shall be returned to the inmate without investigation.

3. The inmate is to explain the grievance and how the occurrence affected him.

4. The action the inmate wants the grievance officer to take to solve the problem.

5. Supporting documentation may accompany the grievance and are not limited.

6. The inmate shall be given a receipt from the receiving grievance officer within a reasonable amount of time of the grievance received. The grievance officer shall document the grievance in the automated computer tracking system.

7. Grievance forms that are improperly completed or contain insufficient information shall be returned to the inmate. The grievance officer also may reject any grievance report form if the required inmate request slip does not support the alleged grievance. The grievance report form shall then be sent back to the inmate with the written reason for the rejection.

8. The grievance officer shall interview the inmate and give a response in writing within a reasonable amount of time.

9. If more than one (1) inmate files a grievance regarding the same incident, the grievances will be treated separately. Any grievance submitted by a group of inmates will not be accepted and or processed.

10. If the Grievance Officer's response is not satisfactory, the inmate may appeal to the third level.

11. The inmate shall be provided copies of all his grievance information including the grievance officer's response using the **grievance response form.**

DESCRIPTION OF PROBLEM: (May attach up to two pages)

Requested solution:

SIGNATURE OF INMATE DATE

Your grievance has been received and will be processed in accordance with grievance policy.

SIGNATURE OF GRIEVANCE OFFICER DATE GRIEVANCE NUMBER

ORIGINAL- GRIEVANCE OFFICER COPY- INMATE

MONTGOMERY COUNTY CORRECTIONAL FACILITY
60 EAGLEVILLE ROAD
NORRISTOWN, PENNSYLVANIA 19403

INMATE GRIEVANCE RESPONSE

INMATE NAME ________ ID NUMBER ________ CELL NUMBER ________

Response:

SIGNATURE OF INMATE ________ DATE ________

SIGNATURE OF GRIEVANCE OFFICER ________ DATE ________

MONTGOMERY COUNTY CORRECTIONAL FACILITY
60 EAGLEVILLE ROAD
NORRISTOWN, PENNSYLVANIA 19403

INMATE GRIEVANCE APPEAL

INMATE NAME ID NUMBER CELL NUMBER

I wish to appeal the Grievance Officer's decision.

Note: A grievance must appeal the decision of the grievance officer within five (5) calendar days of receipt of that response.

Reason:

Requested Solution:

SIGNATURE OF INMATE DATE

SIGNATURE OF GRIEVANCE OFFICER DATE

***EXHIBIT C***

**AFFIDAVIT OF DEPUTY WARDEN DENNIS J. MOLYNEAUX**

I, DENNIS J. MOLYNEAUX, being duly sworn, hereby state as follows:

1. I am Deputy Warden for the Montgomery County Corrections Facility ("MCCF"). As a function of my position, I am familiar with the policies, procedures, and records of MCCF, including its policies, procedures and records regarding inmate grievances.

2. Upon their incarceration at MCCF, each inmate is given a copy of the inmate grievance procedure for the facility. The grievance procedure is also posted on bulletin boards in each housing section of MCCF.

3. Inmate Devon A. Smith ("Inmate Smith") received a copy of the inmate grievance procedure upon his arrival at MCCF on March 3, 2010.

4. A true and correct copy of the inmate grievance procedure as of the time of the events at issue in Inmate Smith' civil complaint in the present action is attached as Exhibit B to Defendants' Motion to Dismiss Plaintiff's Complaint ("Defendants' Motion").

5. Under the inmate grievance procedure, an inmate may pursue resolution of complaints concerning, among other things, conditions of confinement and the actions of employees at the facility. *See* Exhibit B to Defendants' Motion at pg. 1. At the first level of this procedure, the inmate uses a request slip to raise the grievance, which staff in turn attempt to resolve on an informal basis. *Id.* at pg. 3. The inmate may also raise his or her grievance to staff verbally at the first level. *Id.* If dissatisfied with the answer given, the inmate may then direct a second level grievance to various listed members of the

Warden's staff. *Id.* at pgs. 3-4. If the inmate does not agree with the response he or she receives from the second level grievance, then the inmate may file an appeal (third level) to a designated facility administrator, whose decision is final. *Id.* at pg. 5. The appeal must be submitted within five (5) calendar days of receipt of the Level 2 response. *Id.*

6. Level 2 grievances, responses to Level 2 grievances, final appeals, and rulings on final appeals are tracked as they occur with a computerized system. The tracking data for Plaintiff's grievance concerning the events at issue in his civil complaint is attached as Exhibit F to Defendants' Motion. This tracking data is routinely kept in the ordinary course of the prison's operations, it is information that is routinely relied upon as accurate in the course of the prison's operations, and it is collect through a regular process that records events at or near the time of their occurrence.

7. As shown on the computerized tracking data for Inmate Smith's grievance, Smith submitted a grievance on March 23, 2010. A true and correct copy of that grievance, which concerns the incident of March 11, 2010 at issue in this action, is attached as Exhibit D to Defendants' Motion.

8. As further shown on the computerized tracking data for Inmate Smith's grievance, Smith received a response to his Level 2 grievance on March 27, 2010. A true and correct copy of that response, signed and dated by Smith to acknowledge his receipt of it, is attached as Exhibit E to Defendants' Motion.

9. Inmate Smith, however, never submitted an appeal from the March 27, 2010 response. *See* Exhibit F to Defendants' Motion.

10. An appeal form was readily available to Inmate Smith after his receipt of the March 27, 2010 grievance response. Appeal forms are made available upon request by the inmate to the inmate's social worker.

11. I have reviewed the inmate records of Devon A. Smith, and they do not contain any written request to prison personnel for an appeal form or any indication of a verbal request to prison personnel for an appeal form.

12. Contrary to the allegations of his complaint, Inmate Smith never made any request to me for an appeal form. Also, contrary to the allegations of the complaint, I do not require social workers to get my approval before they provide an appeal form to an inmate who had a Level 2 grievance decided against him.

13. Contrary to the allegations of Inmate Smith's civil complaint, I never received any request slip or other written request from Inmate Smith seeking a grievance appeal form following the March 27, 2010 decision on his March 23, 2010 grievance. Also, Inmate Smith never made a verbal request to me for the form.

14. Had I received any such request, I would have directed Inmate Smith's social worker to provide him with an appeal form.

Dennis J. Molyneaux

Sworn to and subscribed before me
this 26th day of July, 2010

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Wanda L. Barbee - Notary Public
Norristown Boro., Montgomery County
MY COMMISSION EXPIRES APR. 23, 2012

***EXHIBIT D***

MONTGOMERY COUNTY CORRECTIONAL FACILITY
60 EAGLEVILLE ROAD
NORRISTOWN, PENNSYLVANIA 19403

# INMATE GRIEVANCE FORM

DEVON A. Smith — INMATE NAME
10-1319 — ID NUMBER
513 M-1 — CELL NUMBER

**INSTRUCTIONS:**

**On the grievance form the inmate must outline the following:**

1. Complete the form and state the grievance identifying the single complaint.
2. Grievance must be filed within seven (7) calendar days of the triggering event. Any grievance filed later than this deadline shall be returned to the inmate without investigation.
3. The inmate is to explain the grievance and how the occurrence affected him.
4. The action the inmate wants the grievance officer to take to solve the problem.
5. Supporting documentation may accompany the grievance and are not limited.
6. The inmate shall be given a receipt from the receiving grievance officer within a reasonable amount of time of the grievance received. The grievance officer shall document the grievance in the automated computer tracking system.
7. Grievance forms that are improperly completed or contain insufficient information shall be returned to the inmate. The grievance officer also may reject any grievance report form if the required inmate request slips used to informally resolve the issue does not support the alleged grievance. The grievance report form shall then be sent back to the inmate with the written reason for the rejection.
8. The grievance officer shall interview the inmate and give a response in writing within a reasonable amount of time.
9. If more than one (1) inmate files a grievance regarding the same incident, the grievances will be treated separately. Any grievance submitted by a group of inmates will not be accepted and or processed.

RECEIVED
ALBERT L. OTTINGER III
MAJOR

10. If the Grievance Officer's response is not satisfactory, the inmate may appeal to the third level.

11. The inmate shall be provided copies of all his grievance information including the grievance officer's response using the **grievance response form**.

DESCRIPTION OF PROBLEM: (May attach up to two pages)

on 3-11-10 I was physically Assualted By Sgt, Biley And officer, Banks And 4 more officers Who I Do not know thier names off hand. then I was placed in 5 point Restraints For something I Did Not Do I was very Badly Beaten up By 5 to 7 officers on M-2 For no reason At All And I was hurt By them they Made threats to me in front of My Peers And then Strapped me Down to A Bed For 24 hours And Shot me up with meds.

Requested solution:

I want A full And through investigation done About me Being Abused And Beat up By Sgt Biley And his officers on M-2 Also I want to file Criminal Charges on All Actors involved Also I want A seperation from All these officers from Any Futher Harrisment.

[signature]

SIGNATURE OF INMATE

DATE 3-23-10

RECEIVED
ALBERT L. OTTINGER
MAJOR

Your grievance has been received and will be processed in accordance with grievance policy.

[signature]

SIGNATURE OF GRIEVANCE OFFICER

DATE 3-31-10

GRIEVANCE NUMBER

ORIGINAL- GRIEVANCE OFFICER COPY- INMATE

Now I am Being harrissed By certain officers including Sgt, Riley every time they search my cell or feed me they make certain threats or comments to me like (your lucky we did not kill you we gave you A Break.) Also they keep Asking me what I am in Jail for And I don't Answer them they tell me they will play with my mail now this is A on going problem I am haveing from Sgt, Riley And other officers And I fear for my life And I want A full investigation Done on me getting Beat up By Sgt, Riley And his officers And I would like to file criminal charges on All Actors who Assulted me. They took pitchures of my eye But it was not put on Any indecent Report And I want this looked in to in A timely manner so I can take the next step of Action on this.



***EXHIBIT E***

#4

MONTGOMERY COUNTY CORRECTIONAL FACILITY
60 EAGLEVILLE ROAD
NORRISTOWN, PENNSYLVANIA 19403

INMATE GRIEVANCE RESPONSE

| Smith Devon | 10-1319 | Mi 513 |
|---|---|---|
| INMATE NAME | ID NUMBER | CELL NUMBER |

Response:

I LT BATES HAVE REVIEWED ALL REPORTS IN REFERENCE to this incident that you are grieving. I find that your discruptive actions warranted that you be physically restrained to prevent injuries to staff. I feel that the correctional staff used only the necessary amount of force to control and restrain you, even with your acts of resistance. I find that this grievance is unfounded as the staff involved acted appropiately and in accordance to the Correctional Facility's Rules and regulations.

[signature] 3/27/10
SIGNATURE OF INMATE DATE

Lt Brandon Bates 3/27/2010
SIGNATURE OF GRIEVANCE OFFICER DATE

RECEIVED
ALBERT L. OTTINGER
MAJOR

***EXHIBIT F***

**Inmate: SMITH, DEVON**

**Booking #: 10-1319** **Permanent ID: 10-00635**

### Grievance Entry Information

| | |
|---|---|
| Grievance Number | 20100331-134 |
| Date/Time Occurred | 03/23/2010 13:11 |
| Grievance Type | COMPLAINTS AGAINST STAFF |
| Date Responded | 03/27/2010 |
| Entered By | CARL, SHIRLEY A. |
| Shift | 1 |

### Finding / Response

| | |
|---|---|
| Level Two Staff: | |
| Disp. Date/Time | 00/00/0000 00:00 |
| Appeal Due Date | |
| Founded | |
| Action Taken | |

### Submitted To Review Information

| | | | |
|---|---|---|---|
| Date/Time | 00/00/0000 00:00 | Review Date/Time | 00/00/0000 00:00 |
| Staff Member | | Review Appeal Due | |
| Review Date Due | 00/00/0000 | | |

### Referred to Investigation

| | |
|---|---|
| Referred to: | |
| Referral Date | 00/00/0000 00:00:00 |
| Final Ruling Due | 00/00/0000 00:00:00 |

### Final Appeal Ruling

| | |
|---|---|
| Final Received | 00/00/0000 00:00:00 |
| Appeal Returned | 00/00/0000 00:00:00 |
| Returned By | |
| Status | |

# ***EXHIBIT G***

**AFFIDAVIT OF MICHAEL DECOSTER**

I, MICHAEL DECOSTER, being duly sworn, hereby state as follows:

1. I am employed as a social worker at the Montgomery County Corrections Facility ("MCCF"). I am assigned to provide social services to designated inmates in MCCF. Inmate Devon A. Smith ("Inmate Smith") was one of my designated inmates throughout the time period at issue in his civil complaint.

2. My duties as a social worker include providing Level 2 grievance forms and Level 3 grievance appeal forms to inmates. I provide appeal forms upon request to any inmate who has had a Level 2 grievance decided against him.

3. Contrary to the allegations of Inmates Smith's civil complaint, I did not tell Inmate Smith or anyone else that the Deputy Warden must give approval before I provide an appeal form.

4. I did not receive any request slips or other written requests from Inmate Smith asking for a grievance appeal form following Inmate Smith's receipt of the March 27, 2010 response to his March 23, 2010 Level 2 grievance. Also, Inmate Smith never made a verbal request to me for the form.

5. Had I received any such request, I would have given Inmate Smith an appeal form.

Michael Decoster

Sworn to and subscribed before me
this 26th day of July, 2010

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Wanda L. Barbee - Notary Public
[illegible]rristown Boro., Montgomery County
[illegible]MISSION EXPIRES APR. 23, 2012

# ***EXHIBIT H***

**AFFIDAVIT OF WARDEN JULIO M. ALGARIN**

I, JULIO M. ALGARIN, being duly sworn, hereby state as follows:

1. I am Warden for the Montgomery County Corrections Facility ("MCCF").

2. I did not receive any request slips or other written requests from Inmate Devon A. Smith ("Inmate Smith") asking for a grievance appeal form following Inmate Smith's receipt of the March 27, 2010 response to his March 23, 2010 Level 2 grievance. Also, Inmate Smith never made a verbal request to me for the form.

3. Had I received any such request, I would have directed Inmate Smith's social worker to provide him with an appeal form.

Julio M. Algarin

Sworn to and subscribed before me
this 26th day of July, 2010

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Wanda L. Barbee - Notary Public
Norristown Boro., Montgomery County
MY COMMISSION EXPIRES APR. 23, 2012